ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
376 E. Warm Springs Rd Suite 130
Las Vegas, NV 89119
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>GENERATION NEXT FRANCHISE BRANDS, INC.,<br><br>Debtor.<br><br>☒ Affects All Debtors<br>☐ Affects GENERATION NEXT FRANCHISE BRANDS, INC.<br>☐ Affects REIS & IRVY'S INC.<br>☐ Affects PRINT MATES, INC.<br>☐ Affects 19 DEGREES, INC. | Case No. 19-17921-mkn<br>Chapter 7<br><br>**DECLARATION OF BRIAN D. SHAPIRO**<br><br>*Jointly Administered*:<br>19-17921-mkn  GENERATION NEXT FRANCHISE BRANDS, INC. (Lead)<br>19-17922-mkn  REIS & IRVY'S INC.<br>19-17923-mkn  PRINT MATES, INC.<br>19-17924-mkn  19 DEGREES, INC. |

I, BRIAN D. SHAPIRO, declare under penalty of perjury that the assertions of this statement are true and correct to the best of my information, knowledge and belief:

1. I am the chapter 7 trustee of the four above-captioned bankruptcy estates ("***Bankruptcy Estates***").

2. I make this declaration in support of my motion entitled MOTION FOR AN ORDER: (I) APPROVING SALE OF CERTAIN ESTATE ASSETS FREE AND CLEAR OF LIENS; AND (II) APPROVING STIPULATIONS REGARDING LIEN RELEASES ("***Motion***"), filed contemporaneously with this declaration, seeking approval for the sale of certain assets of the bankruptcy estates ("***Sale***") and seeking approval for certain related

stipulations entered into between the Bankruptcy Estates and Flex, Ltd., Pitney Bowes Inc., and Socially Responsible Brands, Inc. (the "***Stipulations***").

3. The schedules of the four debtor entities collectively identify several asset classes, mostly consisting of bank accounts, patents, inventory, office furnishings and fixtures. The schedules also identify several lienholders: Genext Loan, LLC; Brett Hall; CK Green Partners, LLC; and Kenneth Cascarella. [Id.] During the pendency of the chapter 11 case, Genext Loan, LLC also became a super-priority lienholder as a result of providing post-petition financing to Debtors.

4. The pleadings filed by Debtors at the start of the Bankruptcy Cases also identified another lienholder, Presto Yogurt Vending LLC ("***Presto***"), which owns two kiosks and for which it is the holder of a pre-petition perfected lien against those two machines.

5. I investigated the assets of the Debtor entities, and discovered that a classic "melting ice cube" situation exists: the assets of the Debtor are valuable, but the value of those assets will significantly diminish over time and in the near future. Lienholder Genext Loan, LLC (hereinafter, "***Buyer***") approached me with an offer to purchase most of the assets of the Bankruptcy Estates, in exchange for a mixture of a credit bid of the amount owed to Buyer, plus cash. After assessing the situation, I entered into negotiations with Buyer.

6. During my investigations, I also became aware of three other entities that asserted lien interests in some of the assets of the Debtors: Flex, Ltd., Pitney Bowes Inc., and Socially Responsible Brands, Inc.

7. Complex multi-party negotiations ensued, and ultimately an Asset Purchase Agreement ("***APA***") was signed between the Buyer and the four Bankruptcy Estates. The APA, which is attached as **EXHIBIT 1** to the Motion, is contingent upon bankruptcy court approval. The APA seeks approval of the Sale, free and clear of all liens, claims, and encumbrances. Towards that end:

- Lienholders Brett Hall, CK Green Partners, LLC, and Kenneth Cascarella (collectively, the "***Participating Lienholders***") are tendering lien releases conditional upon approval of the Sale in exchange for either equity participation in Buyer, or a cash payment by Buyer;

- The lien of Buyer is being deemed satisfied as a result of the credit bid portion of the purchase price;

- The secured assets of Presto are not being sold (thus preserving its lien on those assets); and

- Flex, Ltd., Pitney Bowes Inc., and Socially Responsible Brands, Inc. (collectively hereinafter, the "***Cash-Out Parties***") are each providing their consent to the Sale, in exchange for cash payments to be distributed to those parties by me immediately after closing of the Sale.

8. Based on my investigations into the Assets and the financial affairs of the Debtors, it is my business judgment that the Buyer's offer represents a fair and reasonable offer for the Assets.

9. Furthermore, I believe that the Buyer, as a senior lienholder for the Assets, is the natural buyer for the Assets, and the Assets are more valuable to Buyer than to an interested third party. Additionally, Buyer's knowledge of the Assets permits the sale to be "as is", without any need for a due diligence period. Therefore, I, in my business judgment, believe that general marketing efforts would be not yield meaningfully competitive offers. There is no ready market for the Assets, and the costs of active solicitation would likely significantly diminish the purchase price because of the "melting ice cube" aspect of the Assets. Accordingly, I believe that the APA is the highest and best offer for the Bankruptcy Estates.

10. The APA has been negotiated by the parties in good faith.

11. I, in my business judgment, believe that: (i) the terms of the Sale, as set forth in the APA, constitute a fair and reasonable deal for the Bankruptcy Estates; and (ii) consummation of the Sale of the Assets on the terms of the APA is in the best interest of the Bankruptcy Estates, their creditors, and other parties-in-interest.

12. Furthermore, I have investigated the Buyer and the Debtors, and in light of the significant consideration paid as part of the Sale, has concluded that:

- The consideration provided by the Buyer pursuant to the APA, including the credit bid portion of the purchase price, is fair and adequate, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, including for purposes of the Uniform Fraudulent Transfer Act and the Uniform Fraudulent Conveyance Act.

- Buyer is not a mere continuation of or successor to the Debtors in any respect, and there is no continuity of enterprise between the Debtors and the Buyer. Accordingly, Buyer should take title to the Assets without any successor liability.

DATED 3-6-2020

BRIAN D. SHAPIRO



-4-